## CHRISTIAN v. WAIALUA AGRICULTURAL CO., Limited, et al.

## WAIALUA AGRICULTURAL CO., Limited; v. CHRISTIAN et al.

### No. 8329.

Circuit Court of Appeals, Ninth Circuit.

Feb. 1, 1938.

For prior opinion, see 93 F.2d 603.

Charles M. Hite, of Honolulu, T. H., and Sloss, Turner & Finney, M. C. Sloss, E. D. Turner, Jr., and Charles E. Finney, all of San Francisco, Cal. (Sloss, Turner & Finney, of San Francisco, Cal., of counsel), for appellant Christian.

Alfred L. Castle, of Honolulu, T. H., and Herman Phleger and Maurice E. Harrison, both of San Francisco, Cal. (Robertson, Castle & Anthony, of Honolulu, T. H., and Brobeck, Phleger & Harrison, of San Francisco, Cal., of counsel), for cross-appellant Waialua Agr. Co.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

A vigorous petition for rehearing has been filed. We deem it advisable to discuss only a few of the points presented therein.

First. We held that "contracts made by an incompetent are void because an incompetent is incapable of giving the required assent thereto." We further held that a grant of relief against a contract does not follow a mere showing that the contract is void, and that "the situation of the parties is the controlling factor" in determining whether relief should or should not be granted. Heretofore, the majority of the courts have reached the same result on the ground that an incompetent person's contract is voidable. We were, and are, unwilling to accept that reasoning because, we believe, an incompetent person "is incapable of giving the required assent." Under such circumstances it is inconsistent to say that an incompetent at one time could give or manifest the required assent, and later at his request say that he could not. Such inconsistency does not appear, when we consider such a contract as invalid, and determine whether relief will be granted by the position of the parties as explained in the opinion.

In this connection, we neither said nor implied that we reached that conclusion on the theory that "a contract is the meeting of the minds," in a strict sense, as the

company seems to suggest. A manifestation of mutual assent is required, 1 Williston On Contracts, Rev.Ed. 25, § 18; 1 Restatement Of The Law Of Contracts 24, § 19, as we originally stated. If the assent is manifested by acts, those acts "must be done with the intent to do those acts." 1 Restatement, supra, 25, § 20. An intention is a determination of the mind. One without a mind cannot have an intention.

■ The company says great harm will result from the rule as announced by us. There are, however, two fallacies in its reasoning. In the first place, it fails to recognize what the rule is. It assumes that relief will be granted upon a showing of incompetency. Such is not the case. The record of land titles can be disturbed only upon proof of incompetency and of a position of parties which authorizes relief. Both are required. We stated in the original opinion the various situations when relief would or would not be granted. The company leaps to its conclusion upon consideration of part of the rule only.

In the second place, the rule has not the injurious results attributed to it. We have reached the same result or results reached by a great majority of the courts. It is true that we have reached that result on different reasoning, but the result is the same. It has already been pointed out why we did not adopt the reasoning of the majority of the courts.

■ Second. The company makes considerable argument regarding restitution. We used the term "status quo" in the sense that it meant restoration of what was received under the contract. 3 Black on Rescission and Cancellation, 2d Ed., 1485, § 617. We believe that such meaning is correct, because the transaction against which relief is granted consists of two factors; that is, each party has both received and delivered money or property. The relief returns to each party what he delivered in the transaction. In case one of the parties has by the addition of improvements increased the value of the thing which he must return, then the court may under certain circumstances, grant an allowance to such party for the increase. In a broad sense, the status quo includes both the consideration received and allowance for improvements. The principle is explained in Neblett v. Macfarland, 92 U.S. 101, 103, 23 L.Ed. 471, as follows: "The court proceeds on the principle, that, as the transaction ought never to have taken place, the parties are to be placed as far as possible in the situation in which they would have stood if there had never been any such transaction." However, we treated status quo as restoration of the consideration, and the allowance for improvements as a separate condition. The result is the same whether they be viewed singly or together.

■ Third. We said that "if relief against the lease is granted, then the company is entitled to an allowance for the improvements placed on the property after May 2, 1910." With respect to that date, the company says: "This date is obviously an error. It should be March 17, 1905." The company erroneously concludes that the date "May 2, 1910" was a clerical error. It would be inequitable to require the ward to pay for improvements made under a promise by the company that such improvements were to become the property of her father without compensation. The company placed the improvements made prior to May 2, 1910, in reliance upon the lease, for the deed had not then been made. Under that lease the promise to the ward's father to leave the improvements would inure to the person succeeding the father. Relief against the lease may be granted to the ward, but in no event to the father.

Fourth. Appellant has filed a reply to the petition stating he is contented with the decision as made, but that if a rehearing is granted, his contention that the company had notice of the ward's incompetency should be first considered. Our opinion was reached on the assumption that the company did not have such notice. We treated it in that manner because both the court below and the trial court required restoration of the amount paid. This could not have been done under any theory of the law other than that the company did not have notice. Thus, both have made an implied finding that the company did not have notice. We cannot say that "it is clear that their conclusion was erroneous."

Petition denied.